IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

MICHAEL PETERSON                              CASE NO.
436 WEST 12TH STREET
ERIE, PA 16501

      AND

DIPE, LLC
436 WEST 12TH STREET
ERIE, PA 16501

      PLAINTIFFS

      - VS. -                              COMPLAINT AND JURY DEMAND

                                 (Magnuson Moss Warranty Act)

TIFFIN MOTOR HOMES, INC.
105 SECOND STREET NW
RED BAY, AL 35582

      DEFENDANT

---

## PRELIMINARY STATEMENT

1.    On September 29, 2016 Plaintiffs purchased a new 2017 Tiffin Zephyr

450Z motor vehicle for pleasure and relaxation, but it has provided

Plaintiffs very little of either since it was bought. What we have here

is a $520,000 lemon recreational vehicle.

2.      This case involves claims asserted under the New York Motor Vehicle
        Lemon Law, the Commercial Code, the Magnuson Moss Warranty Act,
        and the New York General Business Law Art. 22-A, Consumer
        Protection from Deceptive Acts and Practices.

3.      Jurisdiction exists with this Court because a federal claim exists in
        which there is more than $50,000 in controversy under 15 USC 2301
        et seq., invoking 28 USC 1331, and/or alternatively the amount in
        controversy is more than $75,000 and is between citizens of different
        states, invoking 28 USC 1332.

4.      Venue exists with this Court because the subject vehicle was sold, the
        warranty was issued, warranty-covered repair attempts occurred in
        the jurisdiction of this Court, and a New York motor vehicle
        department Retail Certificate of Sale was issued in New York, and New
        York has a vested interest in the enforcement of its laws and public
        policy and the protection of persons who acquire goods and services
        in New York for their personal, family and household use.

**IDENTIFICATION OF PARTIES**

5.      At all times relevant, Michael Peterson is a natural person
        domiciled in Pennsylvania and a consumer and purchaser of the
        subject Rv within the meaning of applicable laws. DIPE, LLC is a

personal corporation domiciled in Pennsylvania and a purchaser of the subject Rv within the meaning of applicable laws.

a.   At all times relevant, Colton Rv ("dealer") in Tonawanda, NY was and is a corporation and merchant and supplier and authorized dealer and representative and agent of defendant, engaged in the business of selling and servicing Tiffin recreational vehicles and rendering advice and counsel to consumers with regard to and in relation to same.

6.   At all times relevant, defendant is a corporation and merchant and supplier and motor home manufacturer doing business in New York, engaged in the business of selling and servicing new Tiffin recreational vehicles in New York to its authorized dealers and agents, assisting its authorized dealers and agents in the retail sale of Tiffin recreational vehicles in New York, distributing advertising and sales materials for the purpose of effectuating the occurrence of consumer transactions involving its products in New York, and domiciled outside of the state of New York, and is a warrantor of a recreational vehicle that Plaintiffs purchased.

7.   The 2017 Tiffin Zephyr model 450Z involved in this case is a motor vehicle and a motor home that was subject to the defendant's

written express warranty at the time of its original delivery and was
purchased in the state of New York within the first 18,000 miles of
its operation.

## FIRST CLAIM

1. This case involves a Tiffin recreational motor vehicle which is a
   consumer product that was assembled and/or manufactured
   and/or distributed and expressly and/or impliedly warranted by
   defendant.

2. This claim is for breach of warranty and/or warranty contract and
   violation of the New York Lemon Motor Vehicle Law[1] by defendant.

3. The allegations of all other paragraphs and claims in this pleading
   are incorporated as if fully rewritten herein.

4. Plaintiffs performed all conditions precedent to private enforcement
   of the New York Lemon Motor Vehicle Law.

5. The motor vehicle involved in this case qualifies as a "lemon," both
   generically and under the New York Lemon Law.

6. As a result of the above, and the allegations below, inter alia,
   Defendant breached its warranty and/or warranty contract, and
   violated the New York Lemon Law to the injury of Plaintiffs.

---

[1] NY CLS Gen Bus 198-a, *et seq*.

7.    On or about September 24 and 29, 2016 the parties entered into a series of consumer transaction, involving a certain recreational motor vehicle, believed to bear VIN # 4UZ FCT BGX HCJA 4249, an interest in which Plaintiffs would acquire from the dealer, and as part of the deal the dealer agreed with Plaintiffs Peterson, and subsequently with Plaintiffs DIPE, LLC to sell the subject vehicle under the terms of a retail installment contract between them.

8.    A copy of the sales documents is not attached for the reason that they contain personally identifying information, are available to the defendant, Plaintiffs will provide a copy upon request, and they will be introduced into evidence at the trial hereof.

9.    Also, as part of the purchase of the Rv the defendant gave three written warranties with the Rv;

   A.    As part of the purchase, the defendant agreed to warrant and/or contract that it would repair or replace any defects in materials or workmanship to the covered portion of the subject recreational vehicle which was defective at the time of purchase or became defective during normal use during the warranty period of one year from purchase or after Plaintiffs had driven the recreational vehicle 12,000 miles, whichever

occurred first.

B.     Also as part of the purchase the defendant agreed to warrant and/or contract that for a period of ten years from purchase it would repair or replace any defects in materials or workmanship to the unitized construction of the motor home, including steel, aluminum, roof, walls, and floor structural frame.

C.     Also as part of the purchase the defendant agreed to warrant and/or contract that for a period of five years from purchase it would repair or replace any "affected portions of the Hydra-Vac fiberglass sidewalls in the event of delamination."

10.   Plaintiffs purchased the recreational vehicle and all related equipment in reliance on the existence of express and/or implied warranties and on advertising representations from the defendant, and at the date of sale Plaintiffs believed that the defendant or its authorized and/or franchised dealers or representatives and agents would honor said warranties in a timely and proper manner.

11.   A copy of the Defendant's written warranty is not attached for the reason that it is available to the defendant, Plaintiffs will provide a copy upon request, and it will be introduced into evidence at the

trial hereof.

12.   Through its advertising and otherwise, defendant represented that
the recreational vehicles and recreational parts that it built and/or
installed were fit for the intended purpose for which they were
designed, that they were safe and suitable for their intended
designed use, that they were reliably operable for private
transportation and use.

13.   Through its advertising and otherwise, defendant represented that
the recreational vehicles and parts which it manufactured and/or
installed in the subject Rv were of merchantable quality, fit and in
proper condition for the ordinary use for which such vehicles and
parts are designed and used, and Plaintiffs relied on such.

14.   Plaintiffs also acquired the vehicle and its parts in reliance upon
the belief that defendant possessed a high degree of manufacturing
skill and judgment both with regard to itself and with regard to the
other suppliers of the subject Rv's parts and components which
defendant installed in the subject Rv.

15.   After purchasing the vehicle, Plaintiffs discovered that it did not
conform to the representations and/or warranties of defendant
inasmuch as it developed continuing malfunctions, defects and

problems which were covered by the defendant's express and/or
implied warranties.

16. Plaintiffs took possession of the subject Rv on September 29 and
stayed at the defendant's authorized selling dealer location for the
night.

17. On September 30, 2016 Plaintiffs complained to defendant's
authorized selling dealer that the aqua hot system for heat and hot
water was not working at all and the headlights were not working
properly and Plaintiffs left the vehicle for warranty-covered repair
attempts by defendant's duly authorized representative and agent.

18. Nine days after the Rv was returned to Plaintiffs, while the Rv was
on the road the headlights went out, the interior lights started
flashing, the bedroom lights were stuck in the "on" position, the
radio started changing stations and shutting off on its own, the
USB in the dash quit working, screws were found in the drivers
window slide track and many wood working and fit and finish
defects were discovered in the inside of the Rv, and the awning
would not close properly.

19. On November 22, 2016 the dealer picked up the Rv again for the
same problems with the electrical system and more and took the

vehicle to the dealer for more warranty-covered repair attempts by defendant's duly authorized representative and agent.

20. The Rv was returned to Plaintiffs at their home in Pennsylvania on March 9, 2017.

21. On July 1, 2017 the Rv would not level properly using its jacks that were intended for that purpose and it was discovered the alarm would not shut off.

22. On September 2, 2017 Plaintiffs were at the dealer pointing out the remaining issues and then left for a trip only to have the engine overheat and the Rv broke down on the side of a New York highway after driving it about 90 minutes.

23. On September 4, 2017 the Rv was returned to the dealer again for more warranty-covered repair attempts by defendant's duly authorized representative and agent.

24. On September 23, 2017 the dealer advised Plaintiffs that they had ordered parts for the Rv and were waiting on the parts to arrive.

25. About two weeks ago the dealer advised Plaintiffs the Rv was ready to pick up and in the conversation Plaintiffs discovered that all the warranty repairs had not been done so the dealer said they would contact the defendant and get any necessary parts but have not

called Plaintiffs back.

26. As this Complaint is being filed, the Rv is still at the dealer for warranty-covered repair attempts to get done.

27. The subject motor vehicle was out of service by reason of repair for over 148 days during the first two years and during the first 18,000 miles of operation.

28. The non-living portion of the subject motor vehicle, including the automotive circuits of the electrical system, leveling system, headlights and one or more other defects, were covered by the New York Lemon Motor Vehicle Law and during the first 18,000 miles of operation and during the two years following the date of original delivery the defendant and/or its agents or its authorized dealers or repair shops to which Plaintiffs were referred were unable to repair or correct those defects and conditions after a reasonable number of attempts, and the defects and conditions substantially impaired the value of the motor home to the Plaintiffs.

29. Within the first 18,000 miles of operation and during the period of two years after the date of original delivery of the motor home to Plaintiffs, the same warranty-covered nonconformity, defect, or condition in the motor home was subject to repair two times and

the motor home was out of service by reason of repair for 21 or
more days.

30.  Regarding the subject motor home, the defendant and its
authorized dealer did not provide a written copy of the
requirements of NY CLS Gen Bus 198-a(n)(6) with the sale of the
subject Rv to Plaintiffs and which was supposed to state that if the
subject 2017 Tiffin Zephyr experienced the same covered
nonconformity, defect or condition that was subjected to repair two
times or if the motor home was out of service by reason of repair for
21 days then Plaintiffs would have to report by certified mail those
facts about this motor home before being able to institute an action
against defendant if the motor home was out of service by reason of
three repair attempts or for at least 30 days.

31.  Regarding the subject motor home, the defendant failed to comply
with NY CLS Gen Bus 198-a(n)(8) in that defendant failed to require
that its informal dispute settlement mechanism (IDSM) at a
minimum employed rights and procedures that complied with
federal regulations promulgated by the federal trade commission
relating to an IDSM and instead the IDSM stated in defendant's
warranty violates federal regulations in numerous manners,

including that defendant declares that its IDSM arbitration

procedure will issue a final and binding decision on the warranty

dispute, contrary to 16 CFR 700.8 which states that

> A warrantor shall not indicate in any written
> warranty or service contract either directly or
> indirectly that the decision of the warrantor,
> service contractor, or any designated third party is
> final or binding in any dispute concerning the
> warranty or service contract. …

32.   The failure of defendant's non-court informal dispute settlement

arbitration program to comply with an applicable section of the

Code of Federal Regulations means that a consumer is not required

to participate in the defendant's IDSM. See *Verdier v Porsche Cars N.*

*Am., Inc.*, 255 A.D.2d 436, 680 N.Y.S.2d 596, 1998 N.Y. App. Div. LEXIS

12005 (N.Y. App. Div. 2d Dep't 1998).

33.   The recreational vehicle and its parts involved in this case was not

of merchantable quality.

34.   The above conditions of the recreational vehicle and its related

components constituted a breach of defendant's warranties.

35.   The malfunctions and defects, problems and failures in the vehicle

and its related equipment and parts provided by defendant as part

of the Rv severely and substantially impaired its use and/or safety

and/or value to Plaintiffs.

36.     Plaintiffs provided defendant and/or one or more of its authorized dealers and representatives and agents with a reasonable number of opportunities and a reasonable amount of time within which to repair the warranty-covered defects in the Rv but they have been unable to do so within a reasonable amount of time or a reasonable number of attempts.

37.     Defendant's failure to fix all of the vehicle's defects once and for all time has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of defendant and its authorized dealers and agents to repair the vehicle's defects.

38.     As a result of the above facts, Defendant breached its express and/or implied warranties and representations with respect to the vehicle.

39.     One or more of the defects and malfunctions in the vehicle were covered under the terms of the Defendant's warranties, and the Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was unfair to Plaintiffs.

40.     Defendant and/or one or more of its authorized representatives had notices of the breaches of the warranty and the defective

condition of the subject motor vehicle within a reasonable time.

41.  As a result of the above, inter alia, the Manufacturer is in violation of its obligations to Plaintiffs under the Lemon Law.

42.  Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of defendant to comply with its obligations under the Lemon Law, including the vehicle price, interest, vehicle improvements, repair costs, insurance, title and registration costs, and taxes, all of which will continue to increase in the future.

**SECOND CLAIM**

43.  The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

44.  This claim is for breach of express and/or implied warranties and violation of the Magnuson-Moss Warranty Act[2] by defendant, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

45.  As a result of the above, among other things, defendant has

---

[2]15 U.S.C. 2301 *et seq*.

breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

46. As a result of the allegations set for in the first claim and also above, among other things, defendant breached its express and/or implied warranties without legal excuse and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Plaintiffs.

47. As a result of the above, inter alia, defendant is in violation of the Warranty Act.

**THIRD CLAIM**

48. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

49. This claim is for violation of the New York General Business Law Art. 22-A, Consumer Protection from Deceptive Acts and Practices[3] by defendant.

50. NY CLS Gen Bus 350 states that false advertising in the conduct of any business, trade or commerce or in the furnishing of any service

---

[3] NY CLS Gen Bus 349-c through 350-f, et seq.

in New York is declared unlawful.

51.  NY CLS Gen Bus 349 states that deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York is unlawful.

52.  Defendant advertised and/or represented that the subject Rv had performance, characteristics, accessories, uses, or benefits it did not have which the supplier knows or should reasonably know it does not have.

53.  Defendant advertised and/or represented that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not.

54.  Defendant represented that the transaction involves or does not involve a warranty and/or contract, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false.

55.  Defendant represented it would comply with its warranties and then breached its express and/or implied warranties and/or contract of warranty and that was deceptive.

56.   Defendant was obligated to comply with the public policy of the
      state of New York but its warranty did not do so and that was
      deceptive.

57.   Defendant was obligated to comply with the Magnuson Moss
      Warranty Act and/or its applicable regulations but it and its
      warranty did not do so and that was deceptive.

58.   Defendant was obligated to comply with the public policy of the
      state of New York as expressed in other consumer protection
      statute(s) but it and its warranty did not do so and that was
      deceptive.

59.   Defendant failed to remedy defects in a warranted vehicle within a
      reasonable number of attempts although it promised it and that
      was deceptive.

60.   Defendant failed to remedy defects in a warranted vehicle within a
      reasonable amount of time although it promised it and that was
      deceptive.

61.   Defendant included one or more unconscionable and/or
      unreasonable terms in the written warranty and/or contract
      document(s) even though they were not enforceable but would
      instead have the effect of misleading and misrepresenting to a

consumer the parties obligations and that was deceptive.

62.    Defendant engaged in stalling and/or delaying the performance of a

legal obligation, contrary to its representations and that was

deceptive.

63.    Defendant represented that defects had been repaired when in fact

they were not and that was deceptive.

64.    By its advertising defendant solicited a person to enter into a

contract or agreement that contained terms that are oppressively

one sided or harsh and/or in which the terms unduly limit the

person's remedies, and/or in which the price is unduly excessive,

and there was unequal bargaining power that let the person to

enter into the contract or agreement without knowledge of the full

meaning of the terms of the contract or agreement and that was

deceptive.

65.    The Defendant advertised its promises about its warranties to

Plaintiffs and breached and/or failed to honor those promises

about its express and/or implied warranties to Plaintiffs, and had a

legal obligation to Plaintiffs with no valid legal defense for not

performing those obligations, but avoided, or attempted to avoid,

one or more of its obligations.  Defendant knew, or should have

known, that doing so would be deceptive to the Plaintiffs, but did it anyway, and that was deceptive to the Plaintiffs.

66. The Defendant violated the Magnuson Moss Warranty Act in one or more manners, and knew, or should have known that doing so would be deceptive, and did it anyway, and that was deceptive to the Plaintiffs.

67. The Defendant violated the New York Lemon Law and knew, or should have known, that it was doing so and that it would be deceptive to the Plaintiffs, but did it anyway, and that was unfair to Plaintiffs.

68. As a result of the above, inter alia, Defendant committed one or more one or more acts or practices of false advertising and/or deception in violation of the New York General Business Law Art. 22-A, Consumer Protection from Deceptive Acts and Practices, thereby causing damage and injury to Plaintiffs.

**WHEREFORE**, judgment is demanded against defendant as deemed proper and lawful by the Court, alternatively as follows:

## PRAYER FOR RELIEF

1.  On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every

violation that may be proven at trial;

2.  On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3.  On the third claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date the contract was consummated, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

/s/ Ronald L Burdge
RONALD L. BURDGE
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:      937.432.9500
Fax:            937.432.9503
Email:          Ron@RvLemonLaw.com

Z:\data\Peterson\Core Complaint 111717.wpd